IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JABAR LEWIS,

    Involuntary Plaintiff,

and

PEAK PROPERTY and CASUALTY INSURANCE
CORPORATION,

    Plaintiff,

vs.                                                                         CIV No.:_____

DEPARTMENT OF THE AIR FORCE,
KIRTLAND AIR FORCE BASE and
TIMOTHY HAYHURST,

    Defendants.

## COMPLAINT FOR SUBROGATION

COMES NOW, Involuntary Plaintiff and Plaintiff, by and through their attorneys of record, the Law Offices of Bruce S. McDonald, by Christian C. Doherty, and for their Complaint against Defendants, state as follows:

## JURISDICTION

1.    This Court has jurisdiction under the Federal Tort Claims Act, pursuant to Title 28, United States Code, §1346 and §2679.

2.    Plaintiff Peak Property and Casualty Insurance (hereinafter "Peak") is a Wisconsin corporation doing business in the State of New Mexico.

3. Upon information and belief, Involuntary Plaintiff Jabar Lewis is a resident of Bernalillo County, State of New Mexico.

4. Upon information and belief, Defendant the Department of the Air Force is an agency of the United States Federal Government.

5. Upon information and belief, Defendant Kirtland Air Force Base is a United States military installation under the control of the Department of the Air Force.

6. Upon information and belief, Defendant Timothy Hayhurst is a resident of Bernalillo County, State of New Mexico.

## VENUE

7. Venue is appropriate in the District of New Mexico under 28 U.S.C., §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in the District of New Mexico.

## THE INCIDENT

8. Upon information and belief, on November 10, 2009, Defendant Timothy Hayhurst was operating a 1994 GMC Pickup owned by Defendant Kirtland Air Force Base.

9. While operating the aforementioned Kirtland vehicle, Defendant Hayhurst negligently drove the Kirtland vehicle into the back of a 1996 Mercedes owned and operated by Involuntary Plaintiff Jabar Lewis.

10. Upon information and belief, at the time of the aforementioned accident, Defendant Hayhurst was an employee of the Air Force or otherwise under the control and supervision of the Air Force.

11.     Following the aforementioned accident, Plaintiff Peak which insured the vehicle owned by Involuntary Plaintiff Jabar Lewis, paid the sum of $4,185.75 to Lewis for damage to Lewis' vehicle.

12.     Involuntary Plaintiff Jabar Lewis sustained damages in the sum of $500.00, the amount of Lewis' insurance deductible under the policy he had been issued by Peak.

13.     Following the aforementioned accident and payment of damages by Peak, on or before December 14, 2010, written notice of the claim was presented to the Department of the Air Force for the amount paid by Peak as well as its insured's deductible, pursuant to 28 U.S.C., §2675 (a) via use of Standard Form 95, attached hereto as Exhibit 1.

14.     After reviewing Peak's claim for subrogation and reimbursement of Peak's insured's deductible, on March 19, 2013, the Department of the Air Force entered into a Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claim Pursuant to Title 28, United States Code, §2672, agreeing to pay Peak a/k/a Sentry Insurance, the sum of Four Thousand Six Hundred Eighty Five Dollars and Seventy Five Cents ($4,685.75). (See copies of correspondence from Chad C. Carter, Lt. Col., USAF and Stipulation for Compromise Settlement, attached hereto as Exhibits 2 & 3).

15.     Despite repeated attempts by Peak to contact the Department of the Air Force and obtain the agreed upon payment, no such payment has been received by Peak. Furthermore, the Department of the Air Force has now had Plaintiffs' claim for in excess of 6 months, and as such, this lawsuit is permitted pursuant to 28 U.S.C. §2675(a). Filing suit in this matter was deemed necessary due to the approaching statute of limitations.

## COUNT I-NEGLIGENCE

16. The actions of Defendant Hayhurst in driving his vehicle into the back of Involuntary Plaintiff Jabar Lewis's vehicle were negligent, and resulted in damage to Lewis' vehicle.

17. As a result of the negligent actions by Defendant Hayhurst, Lewis' vehicle sustained damages in the amount of $4,685.75. Of this amount, Plaintiff Peak paid the sum of $4,185.75 to Lewis for property damage, and Lewis sustained damages of $500.00 for the amount of his deductible.

18. Upon information and belief, at the time of the accident, Defendant Hayhurst was an employee of the Department of the Air Force and/or Kirtland Air Force Base, and was acting within the course and scope of his employment, subjecting the Air Force and/or Kirtland to liability under the theory of *respondeat superior*. The FTCA is the exclusive money damages remedy for negligent acts or omissions of federal government employees acting within the scope of their federal employment. 28 U.S.C. § 2679.

## COUNT II-BREACH OF CONTRACT

19. Pursuant to the previously attached Stipulation for Compromise Settlement, Defendant the Department of the Air Force, on March 13, 2013, entered into a legally binding agreement to pay damages to the Plaintiffs in the total sum of Four Thousand Six Hundred Eighty Five Dollars and Seventy Five Cents ($4,685.75). Defendant Air Force has to date failed to honor the aforementioned agreement. As a result, Plaintiff Peak has been forced to file suit in this matter and has incurred attorney fees and costs.

WHEREFORE, Plaintiff and Involuntary Plaintiff seek damages suffered as a result of the

accident in question, including Involuntary Plaintiff's deductible and monies paid by Plaintiff to Involuntary Plaintiff for property damage, as well as costs and attorney fees.

                              Respectfully submitted,

                              LAW OFFICES OF BRUCE S. MCDONALD

                              Christian C. Doherty
                              211 Twelfth Street, NW
                              Albuquerque, New Mexico 87102
                              Telephone: (505) 254-2854
                              *Attorneys for Involuntary Plaintiff and Plaintiff*